1  Jason A. Imes, Esq., NV Bar No. 7030
2  Schwartzer & McPherson Law Firm
   2850 South Jones Blvd., Suite 1
3  Las Vegas NV 89146-5308
   Telephone:    (702) 228-7590
4  Facsimile:    (702) 892-0122
   E-Mail:       bkfilings@s-mlaw.com
5  *Counsel for Lenard E. Schwartzer, Trustee*

6              **UNITED STATES BANKRUPTCY COURT**

7                   **DISTRICT OF NEVADA**

8  In re:                                    Case No. BK-S-20-10250-MKN

9  DOMI PUBLICATIONS, LLC,                   Chapter 7

10                              Debtor(s).   **AMENDED MOTION TO COMPEL
11                                           ATTORNEY CLYDE DEWITT, ESQ., AND
                                             THE LAW OFFICES OF CLYDE DEWITT,
12                                           APC, TO TURN OVER DEBTOR'S LEGAL
                                             RECORDS
13                                           (11 USC § 542)**

14                                           Hearing Date:   October 6, 2021
                                             Hearing Time:  2:30 p.m.
15

16         Lenard E. Schwartzer, Chapter 7 Trustee (the "Trustee") for the above-referenced

17  bankruptcy case, by and through his counsel, Schwartzer & McPherson Law Firm, requests entry

18  of an order compelling attorney CLYDE DEWITT, ESQ. ("DeWitt"), and the LAW OFFICES OF

19  CLYDE DEWITT, A NEVADA PROFESSIONAL CORPORATION D/B/A LAW OFFICES OF

20  CLYDE DEWITT, APC (the "DeWitt Firm"), to turn over all records related to Debtor Domi

21  Publications, LLC (the "Debtor") to the Trustee pursuant to 11 U.S.C. § 542. The Trustee has

22  requested turnover of the records, but counsel for DeWitt and the DeWitt Firm has indicated the

23  files will not be turned over absent an order of this Court.

24         This Motion is based on the *Declaration of Lenard E. Schwartzer* (the "Schwartzer

25  Declaration") filed concurrently with this Motion and the following Points and Authorities.

26                           **I. JURISDICTION**

27         The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is

28  a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

28 U.S.C. §§ 1408 and 1409. The statutory predicate for this Motion is 11 U.S.C. § 542.

## II.  CASE BACKGROUND

1.      Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 16, 2020 (the "Petition Date").

2.      Lenard E. Schwartzer is the duly appointed and acting Chapter 7 Trustee in the Debtor's case.

4.      The Trustee has determined the assets of this estate include a series of claims (referred to collectively as the "Claims") that will need to be investigated, developed, and pursued, including but not limited fraudulent transfer claims, alter ego claims, and potential legal malpractice claims, and indemnification or contribution claims against various parties.

5.      Court records and Debtor's records indicate that prior to the commencement of the bankruptcy case the Debtor was represented in certain legal and business matters, including but not limited to a state court litigation, by DeWitt of the DeWitt Firm.

6.      Documents indicating DeWitt and/or the DeWitt Firm acted as Debtor's counsel prior to the Petition Date include court transcripts (*see* **Exhibit "1"** to Schwartzer Declaration), Secretary of State records (*see* **Exhibit "2"** to Schwartzer Declaration), the Debtor's schedules (*see* **Exhibit "3"** to Schwartzer Declaration), and trademark applications (*see* **Exhibit "4"** to Schwartzer Declaration).

7.      Trustee's counsel sent a letter to the Andersen Law Firm, Ltd. (counsel for DeWitt and the DeWitt Firm in this matter) on or about June 2, 2021, formally requesting that DeWitt and the DeWitt Firm provide the Trustee with copies of the Debtor's legal records. *See* **Exhibit "5"** to Schwartzer Declaration.

8.      The Trustee was advised by DeWitt's counsel that DeWitt and/or the DeWitt Firm would turn over the Debtor's legal records, to the extent they had any, upon entry of an order from this Court. DeWitt, however, requested that the turnover motion be served on certain additional parties that are not included on the mailing matrix for this bankruptcy estate. *See* Schwartzer Declaration.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

9.     DeWitt also raised concerns about potential competing claims to the records asserted by Douglas Wiederhold, but Mr. Wiederhold has consented to release of any and all records related to the Debtor to the Trustee and his counsel. *See* Wiederhold release confirmation attached to Schwartzer Declaration as **Exhibit "6."**

10.     The Trustee has determined that the Debtor's legal records are necessary for the Trustee's investigation and pursuit of the Claims, and at this stage it is clear DeWitt and/or the DeWitt Firm will not turn over the Debtor's legal records absent an order of this Court.

### III.  MEMORANDUM OF LAW

**A.     Turnover of Property of the Estate - § 542(a)**

A client's file within the possession of an attorney is the property of the client. Section 542(a) requires anyone holding property of the estate to deliver it to the trustee. Nevada Revised Statute (NRS) § 18.015 provides attorneys with a statutory lien for unpaid legal bills that "attaches to any file or other property properly left in the possession of the attorney by his or her client, **including, without limitation, copies of the attorney's file** if the original documents received from the client have been returned to the client." NRS § 18.015 (emphasis added). Such a statutory lien on the client file would be unnecessary if the file was not property of the client.

The Restatement of The Law Governing Lawyers (2000) § 46(2) states that "[o]n request, a lawyer must allow a client or former client to inspect and copy any document possessed by the lawyer relating to the representation, unless substantial grounds exist to refuse." No substantial ground to refuse has been identified.  DeWitt had cited potential competing claims to the records by Douglas Wiederhold, but Mr. Wiederhold has consented to release these records to the Trustee and his counsel. *See* **Exhibit "6."**

Discussing this issue, the United States District Court for the State of Nevada noted:

> The material Randolph seeks from his former attorneys—their files for his case—is material to which Randolph is presumably entitled. *See* Nev. R. Prof. Conduct 1.16(d); Gibbs v. LeGrand, 767 F.3d 879, 889 (9th Cir. 2014) ("[T]he Nevada professional rule which required [counsel] to take 'steps to the extent reasonably practicable to protect a client's interests,' indicates that one such step may be 'surrendering papers to which ... the client is entitled.'" (quoting Nev. R. Prof. Conduct 1.16(d)).

1    Randolph v. Gittere, 2020 WL 2572532, at *2 (D. Nev. May 20, 2020).

2         Once the Trustee stepped into the shoes of the Debtor (due to the voluntary petition filed

3    by the Debtor), the Trustee became entitled to obtain the Debtor's legal records upon request.

4    **B.    Turnover of Debtor's Legal Records -- § 542(e)**

5         Alternatively, 11 U.S.C. § 542(e) provides that "[s]ubject to any applicable privilege, after

6    notice and a hearing, the court may order an attorney, accountant, or other person that holds

7    [documents] relating to the debtor's property or financial affairs, to turn over or disclose such

8    recorded information to the trustee." 11 U.S.C. § 542(e). This provision is applicable regardless of

9    whether the Debtor's legal records are deemed property of the bankruptcy estate. 11 U.S.C. §

10   542(e).

11        As one court has noted, the Bankruptcy Code

12            creates a "two-part scheme for turnover of property of the estate and
13            other information related to the debtor's property or financial
              affairs." Section 542(a) requires anyone holding property of the
14            estate to deliver it to the trustee. Section 542(e) allows the Court to
              order "an attorney, accountant or other person that holds recorded
15            information ... relating to the debtor's property or financial affairs to
              turn over such information to the trustee." Although an action for
16            turnover under Section 542(a) requires that the information
              requested be property of the estate, there is no such requirement in
17            Section 542(e). Therefore, whether the Attorney Files constitute
              property of the estate is irrelevant to the Court's determination of
18            whether turnover is proper under Section 542(e).

19

20   In re Am. Metrocomm Corp., 274 B.R. 641, 652 (Bankr. D. Del. 2002).

21        The Supreme Court of the United States noted that the legislative history of § 542(e)

22   confirms it was "not intended to limit the trustee's ability to obtain corporate information" and that

23   the provision was intended "to restrict, not expand, the ability of accountants and attorneys to

24   withhold information from the trustee." Commodity Futures Trading Comm'n v. Weintraub, 471

25   U.S. 343, 351, 105 S. Ct. 1986, 1992, 85 L. Ed. 2d 372 (1985).

26        Section 542(e) provides the necessary alternative authority even if the bankruptcy estate

27   does not have a property interest in the Debtor's legal records under § 542(a):

28   / / /

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1       Regardless, the Court can avoid wading into the thorny debate over
2  precisely who owns the client file. **To be subject to turnover under § 542(e), documents and records need not actually belong to the debtor; they need only relate to the debtor's property or financial affairs**. <u>In re McKenzie</u>, 716 F.3d 404, 419 (6th Cir.2013).
4  And that property includes intangible interests such as causes of action. <u>Whiting Pools</u>, 462 U.S. at 205 n. 9, 103 S.Ct. 2309[.]

5

6  <u>In re Black Diamond Min. Co., LLC</u>, 507 B.R. 209, 214 (E.D. Ky. 2014).

7       <u>Black Diamond Mining</u> is analogous to the case at hand because legal records were
8  requested to investigate and evaluate claims against corporate insiders. The court concluded the
9  debtor's claims against former officers were property of the debtor, and therefore the debtor's
10 client file "relate[s] to" the company's property within the meaning of § 542(e) because "the
11 records and intra-firm correspondence it contains are relevant to those claims." *Id.* at 215.

12      In the instant case, the Trustee is investigating potential Claims against various parties and
13 those claims are property of the Debtor's estate, and the Debtor's legal records at the DeWitt Firm
14 are a necessary component of the Trustee's investigation and evaluation of those claims.

15      DeWitt and/or the DeWitt Firm represented the Debtor prior to the Petition Date, and the
16 Trustee has requested they turn over the Debtor's legal records, but their counsel has indicated
17 they will not turn anything over absent an order of this Court.

18                 **IV.  CONCLUSION**

19      Pursuant to § 542, the Trustee requests an order of this Court compelling Clyde DeWitt,
20 Esq. and/or the Law Offices of Clyde DeWitt, a Nevada Professional Corporation d/b/a Law
21 Offices of Clyde DeWitt, APC to turn over to the Trustee, no later than 14 calendar days after
22 entry of said order, all recorded information of and relating to their representation of Debtor Domi
23 Publications, LLC, appropriately organized and indexed, including:

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

(1) books, documents, records and papers in any format or media, (2) copies of any internal communications and communications with third parties, including any letters, e-mails and messages, and any related notes on such communications, (3) any bills or statements describing the legal work performed for the Debtor, (4) any payments received for the services performed for the Debtor, and (5) a ledger of charges and receipts related to the Debtor.

Dated: September 6, 2021.

/s/Jason A. Imes
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 S. Jones, Blvd., Suite 1
Las Vegas, NV 89146
*Counsel for Lenard E. Schwartzer, Trustee*

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122